IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3271-FL

JOHN L. WOOD,                              )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )            ORDER
                                           )
KEVIN WADE, PRISCILLA SUTTON,              )
THE NORTH CAROLINA STATE                   )
BUREAU OF INVESTIGATION, and               )
JOHN DOE,                                  )
                                           )
            Defendants.                    )

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983

against defendants John L. Wood ("Wood"), Priscilla Sutton ("Sutton"), and Kevin Wade ("Wade")

alleging Eighth Amendment claims arising out of an excessive use of force incident. The matter is

before the court on plaintiff's motion to order the clerk of court to issue him a blank subpoena duces

tecum (DE 47), motion for a subpoena duces tecum to subpoena pertinent discovery (DE 49), motion

to appoint counsel (DE 52), motion to amend (DE 53), motion for an extension of time to join

additional parties (DE 54), motions to compel discovery (DE 55, 56, 64), and motion for an

extension of the case management deadlines (DE 69). Defendants did not respond to plaintiff's

motions for subpoenas, plaintiff's motion to appoint counsel, or motion to extend the case

management deadlines, but the remaining motions were fully briefed. Additionally, the North

Carolina State Bureau of Investigation ("SBI") entered a notice of appearance as an interested party

on January 14, 2016, and responded to plaintiff's January 4, 2016, motion for a subpoena. In this

posture, the issues raised are ripe for adjudication.

The court begins with plaintiff's motion to appoint counsel. This is plaintiff's third motion to appoint counsel. As stated in the court's prior orders, there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Plaintiff's action is not complex, and he has demonstrated through the detail of his filings that he is capable of proceeding pro se. As such, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's third motion to appoint counsel is DENIED.

The court turns to plaintiff's motion to amend his complaint to substitute Officer Jerry Fitzgerald and Officer Stephen Wayne Batten ("Batten") for the previously named John Doe defendants. The court grants plaintiff leave to amend his complaint. See Fed. R. Civ. P. 15(a). Plaintiff is DIRECTED to file a proposed amended complaint clearly setting forth his allegations against each of the named defendants. Plaintiff is cautioned that his proposed amended complaint must relate only to the claims at issue in this action, and may not include any new unrelated claims.

2

To the extent plaintiff seeks an extension of the case management deadlines, the motion is GRANTED and new case management deadlines are set forth below.

The court now addresses plaintiff's discovery motions. The court begins with plaintiff's request that the court provide him with a blank subpoena so that he may request a copy of the SBI criminal investigation file for defendants Wade and Batten. The SBI report at issue resulted in the State of North Carolina criminally charging defendants Wade and Batten with assaulting plaintiff. (SBI Resp. pp. 1-2.) The court finds such material relevant to plaintiff's action. See Fed. R. Civ. P. 26(d). Thus, the court DIRECTS the SBI to provide plaintiff with a copy of its criminal investigation report related to defendants Wade and Batten. The court is mindful of the SBI's privacy concerns and DIRECTS that the SBI redact any sensitive information such as home addresses or telephone numbers. Finally, given that the court has directed the SBI to provide plaintiff with the discovery material requested, the court denies as moot plaintiff's request for subpoenas. Thus, plaintiff's motion is GRANTED in part and DENIED in part.

The court now turns to plaintiff's motions to compel discovery. Federal Rule of Civil Procedure 26 provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[D]iscovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." Herbert v. Lando, 441 U.S. 153, 177 (1979). However, a litigant may not use discovery requests to annoy, embarrass, oppress, or cause an undue burden or expense to his opposing party. See Fed. R. Civ. P. 26(c)(1). Additionally, the court has "substantial discretion" to grant or deny motions to compel discovery. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

The court begins with plaintiff's first and second motions to compel discovery. In these motions, plaintiff simply offers general complaints regarding defendants' objections to his discovery requests. Because plaintiff failed to state how any contested discovery material is relevant, plaintiff's first and second motions to compel are DENIED.

As for plaintiff's third motion to compel discovery, plaintiff seeks "all statements written by officers Melvin S. Adams, Joshua D. Barnes, Stephen W. Batten, Sidney S. Smith, and Defendant Priscilla Sutton, that are connected in any way to the incident that occurred at Maury Correctional [Institution] on 1-2-14, giving rise to this suit. (Pl.'s Mem. p. 5.) In response, defendants assert that they have not been properly served with plaintiff's discovery request and have not had the opportunity to respond before plaintiff filed a motion to compel discovery. For this reason, the court DENIES without prejudice plaintiff's third motion to compel discovery. Plaintiff is reminded that all discovery requests must be served on the party from which he seeks discovery and not the court.

4

In summary, the court rules as follows:

(1)     Plaintiff's motions for a subpoena (DE 47, 49) are GRANTED in part and DENIED in part. The motion is GRANTED as to plaintiff's request for a copy of the SBI investigation report for defendants Wade and Batten, plaintiff's request for subpoenas, however, is DENIED as MOOT. The SBI is DIRECTED to provide plaintiff with the requested discovery material as set forth above;

(2)     Plaintiff's motion to appoint counsel (DE 52) is DENIED;

(3)     Plaintiff's motion to amend (DE 53) is GRANTED, and plaintiff must filed his proposed amended complaint by the date specified in the revised case management deadlines set forth below;

(4)     The motions for an extension of time (DE 54, 69) are GRANTED. Plaintiff must file his amended pleading by March 21, 2016, discovery must be completed by April 18, 2016, and dispositive motions must be filed by May 23, 2016;

(5)     Plaintiff's first two motions to compel (DE 55, 56) are DENIED, and his third motion to compel (DE 64) is DENIED without prejudice.

SO ORDERED, this the 26th day of February, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

5