IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3271-FL

| | |
|---|---|
| JOHN L. WOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KEVIN WADE, PRISCILLA SUTTON, ) | |
| STEPHEN BATTEN, JERRY ) | |
| FITZGERALD, SIDNEY SMITH, ) | |
| MELINDA ADAMS, and THE NORTH ) | |
| CAROLINA STATE BUREAU OF ) | |
| INVESTIGATION, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 against defendants alleging Eighth Amendment claims arising out of an alleged excessive use of force incident. The matter is before the court on the North Carolina Attorney General Roy Cooper and Assistant Attorney General Kari R. Johnsons' motion to withdraw as counsel (DE 72). Also before the court are plaintiff's motion for reconsideration (DE 73), motion to compel discovery (DE 74), and motion for leave to file an amended complaint (DE 79). Finally, the action is before the court on defendants' motion for an extension of time to file dispositive motions (DE 83). Defendants' motion for an extension of time is not yet ripe, but the court deems it appropriate to rule upon the motion without awaiting a response from plaintiff. Additionally, plaintiff did not respond to the motion to withdraw, but the remaining motions were fully briefed. In this posture, the issues raised are ripe for adjudication.

The court begins with plaintiff's motion to amend his complaint to supplement his allegations and to add Stephen Batten, Jerry Fitzgerald, Sidney Smith, and Melinda Adams as defendants. Defendants do not oppose plaintiff's motion. For good cause shown, plaintiff's motion to amend is GRANTED. See Fed. R. Civ. P. 15(a). The newly added defendants have 21 days from the date of this order to respond to plaintiff's complaint. Because the court has granted plaintiff leave to amend his complaint, the court extends the case management deadlines as follows: amended pleadings are due by June 1, 2016; discovery is due by August 4, 2016; and dispositive motions are due by September 1, 2016.

The court now turns to plaintiff's motion to compel discovery. Plaintiff seeks the following documents: (1) "All statements written by officers [] Melvin Adams, Joshua Barnes, Stephen Batten, Sidney Smith and Priscilla Sutton concerning the use of force against Plaintiff at Maury Correction on Jan. 2, 2014; (2) "A copy of the internal personnel investigation that took place at Maury Correctional in the wake of the incident that gave rise to this suit . . . "; (3) "All documents that contain, mention, construe or refer to any insurance agreement or arrangement according to which an insurance company or other person or entity will guarantee, act as a surety for, or otherwise bear any responsibility for litigating this action . . . ." (Pl.'s Mot. (De 74), pp. 1-2.)

With respect to plaintiff's first and second discovery requests, defendants state that the requested documents are part of the North Carolina Department of Public Safety's ("DPS") internal investigation file. Defendants further state that such documents are, by law, confidential pursuant to N.C. Gen. Stat. §§ 148-74, 76, and may not be produced without a court order. Accordingly, the court DIRECTS defendants to provide plaintiff with the materials requested. Based upon the

2

foregoing, plaintiff's motion to compel is GRANTED as to plaintiff's first and second discovery requests.

The court next considers plaintiff's third discovery request in which he seeks documents related to defendants' insurance or surety agreements. Defendants state that they are not aware of any documents responsive to this request. Thus, plaintiff's motion to compel is DENIED as to this request.

The court next addresses the North Carolina Attorney General Roy Cooper and Assistant Attorney General Kari R. Johnson's motion to withdraw as counsel for defendant Kevin Wade ("Wade"). For good cause shown, the motion to withdraw is GRANTED.

Finally, the court now turns to plaintiff's motion for reconsideration. Plaintiff, in his motion, raises three objections or requests with respect to the court's February 26, 2016, order. Plaintiff first requests that the court modify its direction that the North Carolina State Bureau of Investigation ("SBI") provide plaintiff with a copy of its criminal investigation report related to defendant Wade and defendant Stephen Batten ("Batten"). Specifically, plaintiff requests that the court direct the SBI to provide plaintiff with the complete investigation report for SBI file number 2014-00176, and not just those portions related to defendants Wade and Batten. In response to plaintiff's motion, defendants noted that the SBI provided plaintiff with its complete report for file number 2014-00176 on March 10, 2016. (Def.s' Resp. (DE 77), p. 3, n.1; (DE 75)). Thus, plaintiff's motion for reconsideration is DENIED as to this request.

Plaintiff, secondly, requests that the court reconsider its February 26, 2016, denial of his motion to appoint counsel. Generally, there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in

3

exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). As stated in the court's February 26, 2016, order, plaintiff's claim is not complex, and he has demonstrated through the detail of his filings he is capable of proceeding *pro se*. Thus, this case is not one in which exceptional circumstances merit appointment of counsel, and plaintiff's motion for reconsideration is DENIED.

On a related note, plaintiff states in his motion for reconsideration that North Carolina Prisoner Legal Services ("NCPLS") is not available to assist *pro se* inmates with civil actions. Plaintiff, however, does not indicate whether he contacted NCPLS and requested assistance with litigating this action. Accordingly, the court DIRECTS NCPLS to conduct an investigation of plaintiff's claims in this action. NCPLS further is DIRECTED to respond to this court within 21 days, and to indicate whether it will represent plaintiff during any stage of this action. The clerk of court is DIRECTED to send NCPLS a copy of this order, as well as the court's docket sheet, plaintiff's original complaint (DE 1), plaintiff's amended complaints (DE 21, 79), plaintiff's motion for reconsideration (DE 73), and plaintiff's motion to compel (DE 74). The clerk further is DIRECTED to provide NCPLS copies of any of the court's docket entries upon NCPLS' request. Defendants, additionally, are DIRECTED to provide NCPLS with DPS's internal investigation file. Finally, the SBI is DIRECTED to provide NCPLS a copy of its investigation report for the incident at issue.

In plaintiff's third objection, he contests the short duration of time permitted by the court to amend the pleadings. As set forth above, the court has extended the case management deadlines. Thus, plaintiff's motion for reconsideration is DENIED as to this ground.

4

## CONCLUSION

Based on the foregoing, the court orders as follows:

(1) Assistant Attorney General Kari R. Johnson's motion to withdraw (DE 72) is GRANTED. The clerk of court is DIRECTED to terminate Kari R. Johnson as counsel of record for defendant Wade. Johnson is DIRECTED to provide notice to the court of defendant Wade's address within five days of the date of this order.

(2) Plaintiff's motion for reconsideration (DE 73) is DENIED. However, NCPLS is DIRECTED to conduct an investigation of plaintiff's claims, and must respond to the court as set forth above within 21 days of this court's order;

(3) Plaintiff's motion to compel (DE 74) is GRANTED in part and DENIED in part. Defendants are DIRECTED to provide plaintiff with the requested discovery material as set forth above;

(4) Plaintiff's motion to amend (DE79) is GRANTED, and the court's case management deadlines now are as follows: amended pleadings are due by June 1, 2016; discovery is due by August 4, 2016; and dispositive motions are due September 1, 2016. Because the court has extended the case management deadlines, defendants' motion for an extension of time (DE 83) is DENIED as MOOT.

SO ORDERED, this the 6th day of May, 2016.

LOUISE W. FLANAGAN
United States District Judge